

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-26-00113-CV

———————————————————

LABIB HELMY FANOUS, Appellant

V.

ALLSTATE INSURANCE, Appellee

On Appeal from the 89th District Court
Wichita County, Texas
Trial Court No. DC89-CV2024-2109

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

**MEMORANDUM OPINION**

Appellant Labib Helmy Fanous attempts to appeal from the trial court's "Order Granting Defendant's Amended Motion for Summary Judgment" signed on October 31, 2025 (the Order).[1]  Because Fanous timely filed a motion for new trial, his notice of appeal was due January 29, 2026—ninety days after the Order's signing. *See* Tex. R. App. P. 26.1(a)(1).  But Fanous did not file his notice of appeal until February 19, 2026, making it untimely.  *See id.*

We notified the parties by letter of our concern that we lack jurisdiction over this appeal because the notice of appeal was untimely.  *See id.*  We warned that we could dismiss this appeal for want of jurisdiction unless Fanous or any party wanting to continue the appeal filed a response showing grounds for continuing it.  *See* Tex. R. App. P. 42.3(a), 44.3.  Although we received a response from Fanous, it does not show grounds for continuing the appeal.[2]

---

[1]Fanous's notice of appeal ostensibly attempts to appeal from the trial court's order denying his motion for new trial.  However, an order denying a motion for new trial is not independently appealable. *Soliz v. J & B Hicks, Inc.*, No. 01-23-00604-CV, 2024 WL 3707578, at *1 (Tex. App.—Houston [1st Dist.] Aug. 8, 2024, no pet.) (per curiam) (mem. op.).  Indeed, "the time for filing a notice of appeal runs from the signing of the final judgment, not the subsequent denial of a motion for new trial." *Morris v. Wells Fargo Bank, N.A.*, No. 01-19-00610-CV, 2019 WL 4677365, at *2 (Tex. App.—Houston [1st Dist.] Sept. 26, 2019, no pet.) (per curiam) (mem. op.).

[2]In his response, Fanous states that he "was not able to submit [his] appeal earlier as [he] was scheduled for a [c]ourt [h]earing in person on January 21, 2026[,] and [he] did not want to alienate the [j]udge by filing an appeal."

The time for filing a notice of appeal is jurisdictional in this court, and without a timely filed notice of appeal or a timely filed extension request, we must dismiss the appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.1, 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Because Fanous's notice of appeal was untimely, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Amick v. Campbell*, No. 02-24-00540-CV, 2025 WL 285339, at *1 (Tex. App.—Fort Worth Jan. 23, 2025, no pet.) (mem. op.) ("Because Amick's notice of appeal was untimely, we dismiss this appeal for want of jurisdiction.").

/s/ Dana Womack

Dana Womack
Justice

Delivered: March 19, 2026

3